UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY EVERETT,

          Plaintiff                     Case No. 2:15-cv-11087
                                        District Judge Mark A. Goldsmith
v.                                      Magistrate Judge Anthony P. Patti

TED WAHBY, *et al.*,

          Defendants
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (DE 22)

**I.     RECOMMENDATION**: The Court should grant Defendants' motion to dismiss based on the Court's lack of subject matter jurisdiction.  (DE 22.)

**II.    REPORT**

### A.  Background

Plaintiff, Gregory Everett, who is proceeding without the assistance of counsel, filed his complaint with this Court on March 24, 2015.  (DE 1.)  He titled this document "Petition for Declaratory Judgment and Present Relief from Immediate and Defin[i]te Injury," and brings the action pursuant to 18 U.S.C. §§ 242, 2201, and 1983.

This cause of action arose from a February 6, 2015 foreclosure hearing in Macomb County, which occurred because Plaintiff failed to pay property taxes in

2012 and 2013. He names as Defendants Macomb County Treasurer Ted Wahby,

Macomb County Assistant Corporation Counsel Frank Krycia, and the Honorable

Mark Switalski, the Macomb County Circuit Court Judge who presided over

Plaintiff's foreclosure hearing in state court. Plaintiff contends that his foreclosure

proceedings were a "sham," that Defendants acted fraudulently during those

proceedings, and that he is immune from state taxation of his property. (DE 1 at 2-

5.) He asks the Court to stay the pending Sheriff's sale and make a declaratory

judgment voiding all tax debts against Plaintiff and his property in perpetuity.

### B.    The Instant Motion

Defendants filed the instant motion on May 20, 2015. They assert that

Plaintiff's complaint should be dismissed for several reasons pursuant to Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6). First, Defendants contend that the

Court lacks subject matter jurisdiction because the Tax Injunction Act, 28 U.S.C. §

1341, deprives a district court of subject matter jurisdiction in matters of local

taxation. Defendants also rely upon the doctrines of comity, mootness, and the

*Rooker-Feldman* doctrine to demonstrate that this Court lacks subject matter

jurisdiction in the instant matter. Second, Defendants argue that Plaintiff has failed

to state a claim upon which relief can be granted because his claims are conclusory

and contain only vague allegations. Finally, Defendants contend that Judge

2

Switalski is entitled to absolute judicial immunity for his actions in presiding over a foreclosure action.

Plaintiff opposes the motion.  In his response, he further elucidates the arguments made in his complaint.  Specifically, Plaintiff contends that it is "well established" that the State of Michigan is a corporation, and that Macomb County is a political subdivision of that corporation.  (DE 24 at 5.)  He asserts that this means he can only be compelled to pay property taxes if he is a holder in due course pursuant to Mich. Comp. Laws 440.3501(2)(b)(1).  Plaintiff also asserts that he is not subject to *ad valorem* property taxation because he believes his property, a single-family home, does not fall within the definition of "homestead" in Mich. Comp. Laws 206.508(2).  Furthermore, he brushes off the *Rooker-Feldman* doctrine as a mere "fallacy."  (Id. at 9.)  In addition, he makes what Defendants describe as a "fantastical" argument that he is unable to comply with the state real estate tax law because it is against the law to pay his tax debt in United States currency.[1]  Finally in his supporting affidavit, he asserts that, as a white man born in Michigan, he is "not restricted by the 14th Amendment, and . . . ha[s] no

---

[1] The Undersigned agrees that such an argument is fantastical, albeit somewhat nebulous, and seemingly contradicts Plaintiff's own complaint, in which he states that Defendant Krycia informed him that payment could be made by check, bank draft, or legal tender.  (DE 1 at 4.)

3

reciprocal obligation to 14th Amendment allegiance."  (Id. at ¶ 2.)[2]  He therefore

concludes that he is "not a resident of any state under the 14th Amendment and . . .

publicly disavow[s] any contract, form, agreement, application, certificate, license,

permit or other document that [he] may have signed . . . ."  (Id. at ¶ 7.)[3]

## C. Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant is

authorized to move for dismissal based on lack of subject matter jurisdiction.

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff

has the burden of proving jurisdiction in order to survive the motion."  *Madison-*

*Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).  In reviewing a motion

under Rule 12(b), the "court may consider evidence outside the pleadings to

---

[2] Plaintiff cites no case law relating to his assertion that he is not restricted by the
Fourteenth Amendment by virtue of being born "a white man . . . on the land of
Michigan . . . ."  (DE 24 at ¶2.)  However, Plaintiff's admission that he was born
"on the land of Michigan," an undisputed territory of the United States, is
sufficient to demonstrate that the Fourteenth Amendment does, in fact, apply to
Mr. Everett.  *See United States v. Wong Kim Ark*, 169 U.S. 649, 675-76 (1898)
(discussing the Fourteenth Amendment's affirmation of United States citizenship
on the basis of birth within a territory of the United States); *see also Nolos v.
Holder*, 611 F.3d 279, 284 (5th Cir. 2010) (explaining that the Court in *Wong Kim
Ark* found it unnecessary to define 'territory' because the child was born in San
Francisco, an undisputed territory of the United States, and therefore his
citizenship (on that basis) was presumed, even despite the fact that his parents were
not United States citizens).

[3] He also filed a subsequent "Notice to Court of Continuing Lawlessness" (DE 28),
asserting that the taxes required by these "conspiring actors" are constitutionally
prohibited."  (Id.)

4

resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003).  When faced with a challenge to subject matter jurisdiction, "a court must address that issue before all others." *Cain v. Redbox Automated Retail, LLC*, 981 F.Supp 2d 674, 681 (E.D. Mich. 2013) (collecting cases).

Motions under Rule 12(b)(1) fall into two categories: "facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack challenges "the sufficiency of the pleading itself," and the "court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)).  A factual attack does not challenge the sufficiency of the allegations, but is a "challenge to the factual existence of subject matter jurisdiction," to which "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear a case." *Id.* (internal citation omitted).

### D.    Analysis

Defendants bring their motion under Rule 12(b)(1) and, in the alternative, 12(b)(6).  Because I conclude that the Court does not have subject matter jurisdiction over this issue, I will not address Defendants' arguments that Plaintiff has failed to state a claim upon which relief can be granted under 12(b)(6).

### 1.    The Tax Injunction Act

Defendants make a facial challenge to the existence of subject matter jurisdiction in this action.  Specifically, they assert that the Tax Injunction Act, 28 U.S.C. § 1341 ("TIA"), deprives the District Court of jurisdiction in this local taxation issue.  The TIA reads in its entirety as follows:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341.  The TIA is "first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes."  *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981).  Where the TIA applies, the "exclusion of federal courts from the state taxation area is so far reaching it precludes federal courts from declaring state tax laws unconstitutional."  *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 378 (6th Cir. 1993). Further, "[a]lthough the TIA mentions only injunctions, its policy of comity bars declaratory judgment and 42 U.S.C. § 1983 damages actions as well."  *Id.*

The Supreme Court has described the objectives of the TIA as follows:

> (1) to eliminate disparities between taxpayers who could seek injunctive relief in federal court—usually out-of-state corporations asserting diversity jurisdiction—and taxpayers with recourse only to state courts, which generally required taxpayers to pay first and litigate later; and (2) to stop taxpayers, with the aid of a federal

injunction, from withholding large sums, thereby disrupting state government finances.

*Hibbs v. Winn*, 542 U.S. 88, 104 (2004). Although the TIA was not intended to bar every federal lawsuit related to state tax collection, it does reflect Congress having "trained its attention on taxpayers who [seek] to avoid paying their tax bill by pursuing a challenge route other than the one specified by the taxing authority." *Id.* at 105. Nevertheless, the TIA does contain certain limitations to these objectives. As is relevant in this case, the TIA only bars federal claims where there exists a state remedy that is "plain, adequate, and complete," or "plain, speedy, and efficient." *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 n. 8 (1981) (finding "no significant difference between remedies which are 'plain adequate and complete' . . . and those which are 'plain, speedy, and efficient.'). The requirement is satisfied if the state remedy "'provides the taxpayer with a 'full hearing and judicial determination' at which [the taxpayer] may raise any and all constitutional objections to the tax.'" *California v. Grace Bretheren*, 457 U.S. 393, 411-12 (1982) (quoting *Rosewell*, 450 U.S. at 512).[4] The plaintiff bringing

---

[4] This reading of the statute is remarkably consistent with the principles of the *Rooker-Feldman* doctrine, which holds that "a district court [cannot] exercise appellate review of a state court decision." *McCormick v. Braverman*, 451 F.3d 382, 389 (6th Cir. 2006). Here, it is apparent that Plaintiff lost his foreclosure action in state court and now attempts to challenge his loss in this district court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005) (noting that *Rooker-Feldman* bars district court jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered

the action bears the burden of establishing jurisdiction when it has been challenged. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

Defendants contend that the State of Michigan provides a remedy that is plain, speedy, and efficient. As support for this proposition, Defendants ably lay out the tax reversion process addressed in Mich. Comp. Laws § 211. (*See* DE 22 at 5-8.) Specifically, it provides a process by which local governments, cities, townships, villages, and school districts collect property taxes. Id. If property taxes are not paid by February of the year in which they are assessed, they become delinquent on March 1st and are turned over to the County Treasurer. Id. at § 211.78(1), 211.78(a)(2) and 211.55. Pursuant to Mich. Comp. Laws 211.78, property may be foreclosed upon by the state or county treasurer for delinquent taxes. The law provides for two notices to be sent prior to foreclosure. Id. at 211.78b and 211.78c. If the taxes remain unpaid, the treasurer sends notice by certified mail that the property will be forfeited. Id. at 211.78f.

On March 1 of the year following the year of delinquency, the treasurer files a certificate of forfeiture with the register of deeds. Id. at 211.78g. The statute sets

---

before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."). In the absence of the TIA, the Court's jurisdiction in this action would likely be barred by the *Rooker-Feldman* doctrine alone. *See, e.g., Anderson v. Cnty. of Wayne*, No. 10-13708, 2011 WL 2470467, at *6 (E.D. Mich. June 20, 2011) (holding that dismissal would be appropriate under either the *Rooker-Feldman* doctrine or the TIA).

out a timeline in which the foreclosure hearing must be held, in addition to an

administrative show-cause hearing.  Id. at 211.78h(1) and 211.78j(1).  It also

provides the procedure for a judicial foreclosure hearing, which allows a person

claiming ownership of the property to file written objections contesting the

petition.  Id. at 211.78k(3).  The statute specifically provides that objections may

be made for the following reasons:

    (a)    No law authorizes the tax.

    (b)    *The person appointed to decide whether a tax shall be levied under a law of this state acted without jurisdiction, or did not impose the tax in question.*

    (c)    *The property was exempt from the tax in question, or the tax was not legally levied.*

    (d)    The tax has been paid within the time limited by law for payment or redemption.

    (e)    *The tax was assessed fraudulently.*

    (f)    The description of the property used in the assessment was so indefinite or erroneous that the forfeiture was void.

Mich. Comp. Laws 211.78k(2) (emphasis added).

Defendants also present evidence that those procedures were followed with

respect to Plaintiff's residential real estate located at 24609 Eureka in Warren,

Michigan.  (DE 22-2 and 22-4.) Plaintiff does not object to their summary of the

Michigan tax statutes, but asserts that his single-family home is immune from such

9

taxes based on a misreading of Mich. Comp. Laws 206.508(2).[5]  (DE 24 at 19.)  As

noted above, Plaintiff was free to raise the issue that his property was exempt from

taxation as an objection during the state foreclosure hearing process.  He was also

free to raise jurisdictional objections in the state court proceedings, and to

adjudicate his fraudulent assessment claim.

 Based on these statutes, the State of Michigan affords property owners a full

hearing and judicial determination at which they may raise any and all

constitutional objections to the tax.  *Conely v. Township of York*, 76 F.App'x 49,

51 (6th Cir. 2003) ("Michigan provides a 'plain, speedy and efficient remedy' for

tax disputes.").  Plaintiff does not raise any issues in his complaint or response to

---

[5] Although it is not relevant because the Court does not have subject matter
jurisdiction over this matter, a brief note on this misunderstanding may be helpful.
Plaintiff asserts that Michigan Law subjects only homesteads, which it defines as
multiple-unit dwellings, to *ad valorem* property taxes.  However, the statute
Plaintiff quotes actually states:

> "Homestead" means *a dwelling or unit in a multiple-unit dwelling* that
> is subject to *ad valorem* taxes, or a service charge in lieu of taxes as
> provided by section 15a of the state housing development authority
> act of 1966, 1966 PA 346, MCL 125.1415a, owned and occupied as a
> home by the owner of the dwelling or unit, or occupied as the
> dwelling of the renter or lessee, including all unoccupied real property
> not classified for ad valorem tax purposes as commercial, industrial,
> residential, or timber-cut over, owned by the owner of the homestead.

Mich. Comp. Laws § 206.508(2) (emphasis added).  Plaintiff ignores the initial
part of the sentence, which indicates that homesteads include dwellings OR units
within multiple-unit dwellings.

Defendants' motion that contradict the existence of a plain, speedy, and efficient method for contesting the foreclosure under Michigan law. Notably, three of the objections Plaintiff raises in the instant action are specifically enumerated in Michigan law as matters to which a property owner may object during the judicial foreclosure proceedings.

The clear and direct language of the TIA unambiguously mandates that aggrieved taxpayers seeking to enjoin enforcement of state taxes must seek their remedies in state courts, where, as here, state courts provide appropriate remedies. The property taxes with which Plaintiff takes issue arise under Michigan state law, and this Court is prohibited from enjoining, suspending or restraining their assessment, levy or collection. Accordingly, the TIA squarely applies to this case and I recommend that the Court **GRANT** Defendants' motion and **DISMISS** this action for a lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### 2.    Absolute Judicial Immunity

If the Court disagrees with the above recommendation to dismiss this action based on lack of subject matter jurisdiction, Plaintiff's claims against Defendant Switalski should be dismissed on the basis of absolute judicial immunity. "[S]tate judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). Judicial acts are those "normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978). Here, Plaintiff asserts

11

that Defendant Switalski was the judge who presided over his foreclosure hearing, which, in fact, is an act normally performed by a judge.  (DE 1 at 2.)  *See, e.g., Rice v. Wayne Cnty. Treasurer*, No. 13-cv-12456, 2013 WL 5913685, at *8 (E.D. Mich. Nov. 1, 2013) (holding that resolving a judicial foreclosure proceeding was a function normally performed by a judge).  As a result, Defendant Switalski is entitled to absolute judicial immunity in this action.

## IV.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and

12

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated: October 14, 2015                    s/Anthony P. Patti
                                           Anthony P. Patti
                                           UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record
on October 14, 2015, electronically and/or by U.S. Mail.

                                           s/ Michael Williams
                                           Case Manager for the
                                           Honorable Anthony P. Patti